# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER WEIKERT** | : | CIVIL ACTION |
| *Petitioner* | : | |
| | : | NO. 22-3450 |
| v. | : | |
| | : | |
| **DAVID PECHISHEN,** *et al.* | : | |
| *Respondents* | : | |
| | : | |

# ORDER

**AND NOW**, this 4th day of May 2023, upon consideration of Petitioner Christopher Weikert's ("Petitioner") *pro se petition for a writ of habeas corpus* pursuant to 28 U.S.C. § 2241, [ECF 1], and Respondents' response in opposition, [ECF 7], and after a careful review of the Report and Recommendation issued by United States Magistrate Judge David Strawbridge, [ECF 8], to which no objections were filed,[1] is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;
2. The *petition for a writ of habeas corpus* is **DISMISSED**, with prejudice, without an evidentiary hearing; and
3. Petitioner has neither shown denial of a federal constitutional right nor established that reasonable jurists would disagree with this Court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED**.
4. The Clerk of Court shall mark this matter **CLOSED**.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Petitioner filed a *habeas* petition challenging his pretrial detention and seeking an immediate discharge from his detention and the dismissal of charges with prejudice. On March 9, 2023, the Report and Recommendation ("R&R") was issued, recommending that the *habeas* petition be dismissed, as moot, by virtue of Petitioner's subsequent conviction. [ECF 8]. Thereafter, Petitioner did not file any objections. This Court *sua sponte* extended Petitioner's time to respond because it appeared he had been moved to a different facility. Notwithstanding this extension, Petitioner has yet to file any objections to the R&R, and the time to do so has expired. In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the court finds that the magistrate judge committed an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Here, after a thorough independent review of the record and the R&R, this Court finds that no error was committed by the Magistrate Judge. Therefore, this Court approves and adopts the R&R in its entirety.